UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHERYL JUNE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION, A MICHIGAN CORPORATION; STRYKER SALES CORP, A MICHIGAN CORPORATION; AND HOWMEDICA OSTEONICS CORP, A NEW JERSEY CORPORATION<br><br>Defendants. | Civil Action File No.: |

**NOTICE OF REMOVAL**

TO THE CLERK AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants STRYKER CORPORATION, HOWMEDICA OSTEONICS CORP., and STRYKER SALES CORPORATION (the "Defendants") hereby remove this action entitled *Cheryl June Smith v. Stryker Corporation, a Michigan Corporation, Stryker Sales Corp, a Michigan Corporation, and Howmedica Osteonics Corp, a New Jersey Corporation*, Civil Action File No. 21-A-01639-7, formerly pending in the Superior Court of Gwinnett County, Georgia (the "State Court Action") to the

- 1 -

United States District Court for the Northern District of Georgia, Atlanta Division. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et. seq.* Complete diversity of citizenship exists between the parties, and it is evident from the allegations contained in the Amended Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Pursuant to said removal and in accordance with 28 U.S.C. § 1446(d), the State Court of Gwinnett County is being requested to proceed no further with the State Court Action. As grounds for this removal, the Defendants state as follows:

1.

The State Court Action is a civil action filed on March 5, 2021, by Cheryl June Smith (the "Plaintiff") in the State Court of Gwinnett County, Georgia. Plaintiff filed an Amended Complaint on April 9, 2021.

2.

According to the Amended Complaint, this medical device product liability action arises out of injuries allegedly sustained by Plaintiff in connection with the implantation of a "hip prosthesis" (hereinafter the "Device") purportedly designed and manufactured by one or more of the Defendants. Plaintiff's Amended

Complaint asserts causes of action for negligence, strict liability, breach of express and implied warranties, and fraudulent misrepresentation. Plaintiff seeks to recover compensatory and punitive damages from the Defendants for her alleged injuries.

**I.   Defendants have satisfied the procedural requirements for removal.**

3.

Pursuant to 28 U.S.C. § 1446(a), Defendants have attached to this Notice of Removal a copy of all process, pleadings, and orders entered in this case. (*See* Exhibit "A" attached hereto.)

4.

Plaintiff commenced this civil action on March 5, 2021, by filing her Complaint in the aforementioned State Court of Georgia (Civil Action File No. 21-A-01639-7). Plaintiff filed an Amended Complaint on April 9, 2021. Pursuant to the State Court's Order Granting Consent Motion to Open Default, all Defendants were deemed to have accepted service of process of the Summons and Amended Complaint on July 6, 2021. (*See* Exhibit "A".) Accordingly, this Notice is being filed within thirty (30) days of service upon the Defendants with the Summons and Complaint, and the time for filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired.

5.

Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Georgia embraces Gwinnett County, Georgia, the State Court where this matter was initially filed.

6.

Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

7.

A true and correct copy of this Notice of Removal will also be promptly filed with the State Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. § 1446(d).

8.

No previous application has been made for the relief requested herein.

**II.     Removal is proper because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(A).**

9.

The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

10.

There is complete diversity of citizenship between all Plaintiff and all Defendants as required by 28 U.S.C. § 1332(a)(3).

11.

Defendants believe, in good faith and on a reasonable basis, that at all times material hereto, Plaintiff Cheryl June Smith was a resident the State of Georgia.

12.

As alleged in the Complaint and Amended Complaint, Defendants Stryker Corporation, Howmedica Osteonics Corp., and Stryker Sales Corporation are, were at the time of the filing of the Complaint and Amended Complaint, and have been at all intervening times, foreign corporations incorporated in states other than the State

of Georgia. (See Am. Compl. ¶¶ 2 – 4). Defendants Stryker Corporation and Stryker Sales Corporation are, were at the time of filing of the Complaint and Amended Complaint, and have been at all intervening times, foreign corporations incorporated in the State of Michigan, with their principle place of business in Kalamazoo, Michigan. Defendant Howmedica Osteonics Corp. is, was at the time of the filing of the Complaint and Amended Complaint, and has been at all intervening times, a foreign corporation incorporated in the State of New Jersey, with its principal place of business in Mahwah, New Jersey. Therefore, the Defendants are not, pursuant to 28 U.S.C. § 1332(c)(1) citizens of the State of Georgia.

13.

Defendants believe, in good faith and on a reasonable basis, that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, on the basis that: (i) Plaintiff brings a product liability action, seeking damages and relief related to the implantation of a hip replacement device. Plaintiff alleges that, "the device did not properly attach to the acetabulum (hip) socket. . . ." (Am. Compl. at ¶ 11.); (ii) Plaintiff asserts that she suffered "instability" and severe pain on standing. (*Id.*); (iii) Plaintiff alleges she underwent two additional surgeries "to correct faulty hip prosthesis. . . ." (*Id.* ¶ 7.); (iv) Plaintiff is seeking damages for

the following compensatory damages: (1) "the full value of past and future medical expenses;" (2) "past and future lost wages;" (3) "mental and physical pain and suffering and emotional distress." (*Id*. At unnumbered "Wherefore" clause, p. 10); (v) Plaintiff is also seeking punitive damages. (*Id*. at ¶ 54-55.)

14.

All Defendants consent to the removal of this action.

15.

Based on the foregoing, this action pending in the State Court of Gwinnett County, Georgia may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq.* because (1) this is a civil action pending within the jurisdiction of this Court; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

WHEREFORE, Defendants Stryker Corporation, Howmedica Osteonics Corp. and Stryker Sales Corporation, hereby remove the above-captioned action from the State Court of Gwinnett County, Georgia to the United States District Court

for the Northern District of Georgia. The Defendants request that this Court retain jurisdiction for all further proceedings in this matter.

Dated this 16th day of July, 2021.

/s/ Eric Breithaupt
Eric Breithaupt
Georgia Bar No. 596142
**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA 30308
Telephone: (404) 739-8800
Facsimile: (404) 739-8870
Email: ebreithaupt@stites.com

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF COMPLIANCE

I, Eric Breithaupt, certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rule 5.1.

>*/s/ Eric Breithaupt*
>Eric Breithaupt
>Georgia Bar No. 596142
>ebreithaupt@stites.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Notice of Removal upon all parties via the U.S. District Court CM/ECF electronic filing and notification system and U.S. Mail as follows:

>Lesley A. Dinoff
>Georgia Bar No. 808580
>The Dinoff Law Group L.L.C.
>128 N. 5th Street
>Griffin, GA 30223
>lesleydinoff@thedinofflawgroup.com

This 16th day of July, 2021.

>*/s/ Eric Breithaupt*
>Eric Breithaupt
>Georgia Bar No. 596142
>ebreithaupt@stites.com